963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman E. WEBB, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-2344.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Norman Webb appeals a district court order affirming the Secretary's denial of his third application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Webb filed his current application for disability insurance benefits alleging a disability since January 1985, due to problems with his back and neck. An administrative law judge (ALJ) determined that Webb was not disabled because he retained the residual functional capacity to perform work which exists in significant numbers in the national economy. The Appeals Council denied Webb's request for review.
 
 
 4
 Webb then filed a complaint seeking judicial review of the Secretary's decision. The district court determined that substantial evidence existed to support the Secretary's decision and granted summary judgment for the defendant.
 
 
 5
 Webb has filed a timely appeal arguing that the ALJ did not give proper credit to his complaints of disabling pain and that pursuant to 20 C.F.R. Part 404, Subpt. P, App. 2 § 201.00(h), he should be found disabled because he cannot perform a full range of sedentary work. Both parties have waived oral argument.
 
 
 6
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The Secretary properly evaluated Webb's complaints of pain and other symptoms because subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). Although there is no dispute that the medical evidence shows an underlying medical condition, Webb has failed to show that his medical condition is of such a level of severity that it can reasonably be expected to produce disabling pain and other symptoms. Id.
 
 
 7
 Contrary to Webb's argument, 20 C.F.R. Part 404, Subpt. P, App. 2 § 201.00(h), provides that reliance solely on the medical-vocational guidelines to find a claimant not disabled is inappropriate where significant nonexertional limitations exist. See Abbott v. Sullivan, 905 F.2d 918, 927 (6th Cir.1990). Section 201.00(h) does not always require a finding of disability where a claimant can perform less than a full range of sedentary work. Id.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation